Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

1. District Judge for the Northern District of Texas, sitting by designation.
** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: [*]

IT IS ORDERED that appellee's unopposed motion to vacate appellant's sentence is GRANTED.

IT IS FURTHER ORDERED that appellee's unopposed motion to remand to the district court for resentencing is GRANTED.

IT IS FURTHER ORDERED that appellee's alternative motion to extend time to file appellee's brief for a period of fourteen (14) days after this court's denial of motion to vacate and remand is MOOT.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Tehran Andre BATEY, Defendant–Appellant.

No. 04–41009.

United States Court of Appeals, Fifth Circuit.

Decided July 12, 2005.

Jennifer Bess Lowery, U.S. Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

Zachary Joseph Hawthorn, Law Office of Joseph C. Hawthorn, Beaumont, TX, for Defendant–Appellant.

Before KING, Chief Judge, DAVIS, Circuit Judge, and ROSENTHAL, District Judge.*

PER CURIAM: **

Tehran Batey appeals the sentence he received following his guilty plea for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). He renews his argument, preserved in the district court, that his constitutional rights were violated when the district court assessed a two-level enhancement for possession of a firearm, pursuant to § 2D1.1(b)(1) (2003), citing *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

The government concedes that it cannot meet its burden under a harmless error analysis that the mandatory nature of the guidelines did not contribute to the sentence imposed. *United States v. Akpan,* 407 F.3d 360, 377 (5th Cir.2005). Accordingly, Batey's sentence must be vacated and remanded for resentencing consistent with *Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

VACATED and REMANDED.

---

* District Judge for the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.